IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THE ESTATE OF AGNES P. TAHILAN, | ) ) ) | CV. NO. 09-00430 DAE-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| FRIENDLY CARE HOME HEALTH SERVICES, INC., a foreign corporation; MICHAEL LEE FOLKES; JOHN DOES 1-10; DOE CORPORATIONS; DOE "NON-PROFIT" CORPORATIONS 1-10; DOE GOVERNMENTAL UNITS 1-10; and DOE ENTITIES 1-10, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT FRIENDLY CARE HOME HEALTH
SERVICES, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION OR IMPROPER VENUE

On November 2, 2009, the Court heard Defendant's Motion.  Scott

Kubota, Esq., appeared at the hearing on behalf of Plaintiff; Robert Fricke, Esq.,

appeared at the hearing on behalf of Defendant.  After reviewing the motion and

the supporting and opposing memoranda, the Court **GRANTS** Defendant Friendly

Care Home Health Services, Inc.'s Motion to Dismiss for Lack of Personal

Jurisdiction or, in the Alternative, Improper Venue.  (Doc. # 5.)

BACKGROUND

This matter involves a loan made by Agnes Tahilan ("Tahilan"), now

deceased, to Defendant Michael Folkes ("Folkes") in May 2006 so that Folkes

might purchase Defendant Friendly Care Home Health Services, Inc. ("Friendly

Care").[1]

The events leading up to the loan are generally undisputed.  Folkes

and Tahilan apparently met in 1987 while both lived on Maui.  (Doc. # 5 at 2.)  For

a time, Folkes and Tahilan were involved romantically.[2]  (Id.)  In 2003, Folkes

married and moved from Maui to California, but Folkes and Tahilan remained in

contact with each other until Tahilan's death in 2008.  (Id.)  In 2006, Folkes

informed Tahilan that he and his wife planned to purchase Friendly Care with a

loan from the Small Business Administration but did not have enough liquid cash

to meet the seller's demands.  (Id.)  Tahilan allegedly offered to loan Folkes

$200,000 to complete the purchase of Friendly Care.  (Id. at 3.)  In or about May

---

[1] Friendly Care is "a service provider for homebound individuals in need of medical care and attention."  (Doc. # 5 at 2.)

[2] Although the nature of their relationship is not directly at issue in this motion to dismiss, their relationship may be an issue in Plaintiff's substantive claims against Folkes.

2006, Tahilan took out a home equity loan on her real property and delivered the

sum of $219,560.64 to Folkes.  (Doc. # 1 Ex. A at 3.)

Folkes, with his wife, became owner of Friendly Care in 2006 and that

same year, Folkes became President of Friendly Care.  (Doc. # 5 Ex. 1 ¶¶ 2-3.)

This was made possible in part due to Tahilan's funding, which she wired to

Folkes' bank account in California.  (Id. ¶ 7.)

Although it is undisputed that Tahilan made the loan to Folkes, the

parties do dispute the nature of that loan and how, if at all, Friendly Care was

involved in the initial May 2006 loan transaction and subsequent transactions.

Since Tahilan's death, the majority of the loan principal has not been paid, and the

parties dispute whether Tahilan and Folkes had entered into an oral agreement that

upon Tahilan's death, and loan would be forgiven.  (Doc. # 5 at 4; Doc. # 8 at 8-9.)

On December 2, 2008, the Estate of Agnes Tahilan ("Plaintiff") filed

suit in the State of Hawaii Circuit Court of the Second Circuit against Folkes,

Friendly Care, and unnamed individuals, corporations, partnerships, and

governmental units.  (Doc. # 1 Ex. A.)  The action was removed to this Court on

September 11, 2009.  (Doc. # 1.)

In the Complaint, Plaintiff asserts eight counts of action, four of

which are of particular interest to the instant motion to dismiss.  Counts I, II, and

3

VI are contract claims brought against Folkes "and/or" Friendly Care for borrowing money and not paying back the principal or interest. Count VII is a conspiracy to commit fraud claim against Folkes and Friendly Care, who allegedly conspired to take monies fraudulently obtained from Tahilan.[3]

On September 16, 2009, Friendly Care filed the instant motion to dismiss based on lack of personal jurisdiction, or in the alternative, improper venue. (Doc. # 5.) On October 14, 2009, Plaintiff filed its Opposition. (Doc. # 8.) On October 22, 2009, Friendly Care filed its Reply in support of its motion. (Doc. # 10.)

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. A plaintiff has the burden of establishing jurisdiction over a nonresident defendant. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004); Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). When, as here, a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the

---

[3] Count III requests that Friendly Care and/or Folkes hold any remaining funds in a constructive trust. Counts IV and V are negligent and fraudulent misrepresentation claims against Folkes. Count VIII is a claim against Folkes for allegedly using Friendly Care as an alter ego.

4

plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  Schwarzenegger, 374 F.3d at 800;  Ziegler, 64 F.3d at 473.

In determining whether a plaintiff has made a prima facie showing of jurisdictional facts, the court must accept uncontroverted allegations in the complaint as true.  Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). If the defendant presents evidence to contradict the allegations in the complaint, the plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction through affidavits and declarations.  See id.  Conflicts between the parties' affidavits and other discovery materials must be resolved in favor of the plaintiff.  Id.

## DISCUSSION

I.   Personal Jurisdiction

In order to exercise personal jurisdiction over a nonresident defendant, the Court must consider whether:  (1) the forum state has an applicable long-arm statute that confers jurisdiction over nonresidents; and (2) the assertion of personal jurisdiction comports with the constitutional requirements of due process.  Miracle v. N.Y.P. Holdings, Inc., 87 F. Supp. 2d 1060, 1064 (D. Haw. 2000); Complaint of Damodar Bulk Carriers, Ltd., 903 F.2d 675, 678 (9th Cir. 1990).  Hawaii's long-arm statute extends jurisdiction to the extent permitted by the Due Process

Clause of the Fourteenth Amendment.  <u>Cowan v. First Ins. Co. of Haw.</u>, 608 P.2d 394, 399 (Haw. 1980).  Therefore, the jurisdictional analyses under state law and federal due process are the same.  <u>Complaint of Damodar Bulk Carriers</u>, 903 F.2d at 679.

For the Court to exercise personal jurisdiction over a nonresident defendant, the defendant must have at least minimum contacts with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (internal quotations and citation omitted); <u>Schwarzenegger</u>, 374 F.3d at 801.  The defendant's conduct must have been such that he should reasonably anticipate being haled into court in Hawaii.  <u>See</u> <u>Harris Rutsky & Co. Ins. Servs., Inc.</u>, 328 F.3d 1122, 1130 (9th Cir. 2003).

Two forms of personal jurisdiction exist, general and specific.  <u>Dole Food Co. v. Watts</u>, 303 F.3d 1104, 1111 (9th Cir. 2002).

For general jurisdiction to exist,

> the defendant must engage in "continuous and systematic general business contacts," that "approximate physical presence" in the forum state. This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.

Schwarzenegger, 374 F.3d at 801 (citations omitted).  "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there."  Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199 (9th Cir. 2006) (en banc).  The assertion of general jurisdiction must always be reasonable.  Amoco Egypt Oil Co. v. Leonis Navigation Co., 1 F.3d 848, 852-53 (9th Cir. 1993).  The Ninth Circuit has set a high standard for general jurisdiction.  See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006).

Where a person does not have sufficient contacts to support general jurisdiction, a court may still exercise specific personal jurisdiction over the person if the following requirements are met:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Harris Rutsky, 328 F.3d at 1129 (citation omitted).  If any of these three requirements are not met, to hold jurisdiction over a defendant in the forum would be a violation of due process of law.  Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995).

II.    Friendly Care's Motion to Dismiss

Friendly Care presents evidence in the form of a declaration to contradict Plaintiff's allegation that this Court has personal jurisdiction over Friendly Care.  Therefore, Plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction.

For the reasons discussed below, this Court finds that Plaintiff has not met its burden to make a prima facie showing of either general or specific jurisdiction over Friendly Care.

8

A.   <u>General Jurisdiction</u>

There is no evidence of minimum contacts so continuous and systematic such that they approximate physical presence in the State of Hawaii and give rise to general jurisdiction.

According to Folks, speaking as President of Friendly Care, Friendly Care was incorporated in 2001 and is organized and doing business under the laws of the State of California.  (Folks Mot. Decl. ¶ 2.)  Moreover, Friendly Care has never had a subsidiary or affiliate in the State of Hawaii, nor had an agent, been incorporated or licensed to do business, provided any services, maintained any offices, facilities, mailing address or telephone listings, owned or leased property, qualified or attempted to qualify to do business, had a bank account, paid taxes, or even advertised within the State of Hawaii.  (<u>Id.</u> ¶¶ 15-24.)

Plaintiff offers no evidence in the form of either affidavit, declaration, or documentation to refute the statements made by Folkes in his declaration concerning the above facts.  Plaintiff dedicates the majority of its factual assertions and arguments to Tahilan's relationship with Folkes, but whether this Court has jurisdiction over Folkes is not at issue in this case.[4]  What evidence Plaintiff does

---

[4] Folkes has not filed a motion to dismiss based on lack of personal jurisdiction.  Folkes has, in fact, filed an Answer to Plaintiff's Complaint in this

(continued...)

offer is limited to discrete alleged transactions between Tahilan and Friendly Care.

These transactions do not meet the exacting standard for general jurisdiction.  <u>See</u>

<u>Schwarzenegger</u>, 374 F.3d at 801; <u>Bancroft & Masters, Inc.</u>, 223 F.3d at 1086; <u>see</u>

<u>also</u> <u>Shute v. Carnival Cruise Lines</u>, 897 F.2d 377 (9th Cir. 1990), <u>rev'd on other</u>

<u>grounds</u>, 499 U.S. 585 (1991).

      B.    <u>Specific Jurisdiction</u>

      Having found that this Court may not exercise general jurisdiction

over Friendly Care, the Court will address specific jurisdiction.  As discussed

above, to demonstrate specific jurisdiction, Plaintiff must make a showing of three

factors, the first of which is that Friendly Care purposefully directed or availed

itself of the forum state.

      The parties agree that sometime subsequent to Tahilan's loan to

Folkes, Friendly Care took over payment on the loan.  According to Folkes, this

occurred because additional capital was required to meet Friendly Care's operating

expenses.  (Folkes Mot. Decl. ¶ 8.)  Folkes then communicated with Tahilan and

the two decided that Folkes would "allow Friendly Care" to use the funds Tahilan

had provided to Folkes to purchase Friendly Care.  (<u>Id.</u> ¶ 9.)  At that time, Tahilan

---

    [4](...continued)
forum, thereby consenting to personal jurisdiction in this forum.

and Folkes agreed that Friendly Care would "cover the interest payments on the home equity loan Ms. Tahilan obtained so that she would not be out of pocket any expenses." (Id.)  They also agreed that Friendly Care would repay the principal "in a time and manner acceptable to Friendly Care."  (Id.)  Friendly care made these interest-only payments to Tahilan's Wells Fargo bank account in California.  (Id. ¶ 10.)  No payments were ever made to any account in Hawaii.  (Id.)

The parties further agree that in June of 2006, Friendly Care made a principal payment in the amount of $19,560.65 to Tahilan's bank account in California.  (Folkes Mot. Decl. ¶ 11.)  Plaintiff provides an unsigned copy of a "Principle Payment Receipt," dated July 14, 2006, attesting that Friendly Care paid $19,560.64 toward that outstanding principal balance that Tahilan had originally loaned to Folkes.  (Opp'n Ex. 2.)  Folkes attests that he sent Tahilan that receipt and requested that she sign it, but Tahilan did not sign it.  (Folkes Mot. Decl. ¶ 11.)  According to Folkes, Tahilan told him that "upon her demise, whenever that might occur, Friendly Care was to cease making interest payments and the loan was to be forgiven."  (Id. ¶ 12.)

It is undisputed that at some point, Friendly Care began paying off the interest of the loan and deposited its funds directly into one of Tahilan's bank account, albeit a bank account in California.  Tahilan's loan was used to support

11

Friendly Care with Friendly Care's knowledge, as is evidenced by Folkes' declaration and the unsigned receipt from Friendly Care.[5]

Plaintiff has failed, however, to provide any evidence that Friendly Care was involved in the initial loan agreement and transaction that took place between Folkes and Tahilan in May 2006. Friendly Care presents evidence in the form of Folkes' declaration to contradict Plaintiff's assertion that Friendly Care was involved in the initial transaction. Plaintiff must therefore present affirmative proof through affidavits and declarations. The evidence presented by Plaintiff in its memorandum indicates the contrary; Plaintiff attaches e-mail correspondence discussing the details of the May 2006 transaction between Tahilan, Folkes, and Wells Fargo only. There is no mention of Friendly Care or its agents as a party to the original loan. The only mention of Friendly Care is a tangential one – a statement that "care for the elderly is going to be big business in the coming years because of the baby boomers." (Opp'n Ex. 3.) In fact, these initial

---

[5] Complicating the description of events, however, is the fact that the Personal Representative of Tahilan's Estate states in her declaration that she found no record of payment of the $19, 560.64 deposit in Tahilan's financial records. (Balmores Opp'n Decl. ¶ 7.) This statement seemingly contradicts the allegations made by both Plaintiff and Defendant Friendly Care in their briefs. On a motion to dismiss for personal jurisdiction, however, this Court will resolve this conflict between affidavits in favor of Plaintiff's assertion that payment was made. See Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002).

12

communications and transactions between Folkes and Tahilan were made before

Folkes had purchased Friendly Care and before Folkes had become President.

Indeed, at the hearing on this matter, Plaintiff's counsel conceded that the initial

loan was to Folkes alone.

Therefore, Plaintiff must show that the subsequent transactions with

Friendly Care gives rise to personal jurisdiction.

Personal jurisdiction for contract claims require more than the mere

existence of a contract between a nonresident defendant and a resident plaintiff.

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985).  But parties who

"reach out beyond one state and create continuing relationships and obligations

with citizens of another state are subject to regulation and sanctions in the other

State for the consequences of their activities."  Id. at 473 (quoting Travelers Health

Assn v. Virginia, 339 U.S. 643 (1950)) (emphasis added).  This Court must

determine whether Friendly Care's conduct and connection was such that it would

reasonably anticipate being haled into court in the State of Hawaii.  See World-

Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295 (1980).  The U.S.

Supreme Court has held that "[s]o long as a commercial actor's efforts are

'purposefully directed' toward residents of another State, [the Court has]

13

consistently rejected the notion that an absence of physical contacts can defeat

personal jurisdiction there." <u>Burger King Corp.</u>, 471 U.S. at 477.

A court does not focus solely on the existence of a contract or

agreement, but also must look at prior negotiations by the parties and the

contemplated future consequences and terms of the contract. <u>Id.</u> at 479.  Here, the

evidence in the record as to prior negotiations and future consequences is notably

sparse.  There is no written contract at all, and the only documented

communication is the letter purportedly written by Friendly Care, mailed to

Tahilan by Folkes, and unsigned by any party.

It is undisputed that Friendly Care agreed to pay interest payments on

the loan and then also made at least one payment on the principal to Tahilan's

account in California. (Opp'n Ex. 2; Folkes Mot. Decl. ¶ 11.)  Although the record

is not clear, it appears that the payments were anticipated to occur over a period of

time and were not a one-time installment.

This contact with Tahilan by Friendly Care is not so minimal as to be

considered a "one-shot affair" as in other cases where courts have found no

jurisdiction, but neither is it an extensive franchise contract or a result of

purposeful solicitation to a market in Hawaii as in other cases where jurisdiction

was found.  <u>See, e.g.</u>, <u>Boschetto v. Hansing</u>, 539 F.3d 1011, 1017 (finding that an

14

arrangement to send funds to Wisconsin and pick up a vehicle in Wisconsin to be

delivered to California did not amount to any ongoing obligations such that

personal jurisdiction in Wisconsin would be proper); Burger King Corp., 471 U.S.

at 480 (finding personal jurisdiction because of a 20-year relationship with

continuing and wide-reaching contacts with franchise owner); Corporate Inv. Bus.

Brokers v. Melcher, 824 F.2d 786, 789 (9th Cir. 1987) (finding personal

jurisdiction because of a long-term franchise relationship with a company in

another state).

A comparison to several other cases involving contracts and loans is

instructive.  In Stock West Corp. v. Taylor, the Ninth Circuit concluded that when

an attorney, who was a resident of Washington, traveled to Oregon to induce an

Oregon business to make his Washington clients a loan and issued a false opinion

letter to that business while in Oregon, there were sufficient contacts to bestow

Oregon courts with personal jurisdiction.  942 F.2d 655, 667 (9th Cir. 1991).  In

Marmis v. Sunbelt Sav. Ass'n of Texas, the Ninth Circuit concluded that personal

jurisdiction over a Texas banking institution was proper in Arizona district court

because the banking institution sent an agent to Arizona, the resulting partnership

agreement, loan agreement, and guarantees all demonstrated that a continuing

obligation existed between the bank and Arizona residents, and the resulting

15

partnership's primary place of business was in Arizona.  889 F.2d 1095, *1 (9th Cir. 1989) (unpublished opinion).  In <u>Paramount Farms, Inc. v. Hai Jyi Foods Co.,</u> the Ninth Circuit found personal jurisdiction over Hai Jyi, a nonresident corporation, in federal district court in California because: (1) a representative of Hi Jyi traveled to California to negotiate and sign contracts on Hai Jyi's behalf; (2) Hai Jyi advertised its connections with California as part of its marketing campaign; and (3) made various affirmative efforts to either do more business with the California company or portray itself as associated with the California company. 121 F.3d 716, *2 (9th Cir. 1997) (unpublished opinion).

   Here, there is no evidence that Friendly Care affirmatively reached out to Tahilan or the forum state.  There are no agents of Friendly Care authorized to conduct activity in Hawaii.  There is no contract that this Court may review for evidence of references to Hawaii or possible commercial expansion into Hawaii. <u>See</u> <u>McGlinchy v. Shell Chem. Co.,</u> 845 F.2d 802, 816 (9th Cir. 1988) (finding no personal jurisdiction because the contract was not negotiated in forum state, the contract made no reference to forum state, and no authorized agents performed any portion of contract in forum state).

   The Court notes that in its briefing, Plaintiff does not claim to establish under appropriate substantive law that personal jurisdiction over Folkes,

16

through his position as President of Friendly Care, is attributable to Friendly Care. Nor is it obvious that Plaintiff could do so.  See generally Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990) ("For purposes of personal jurisdiction, the actions of an agent are attributable to the principal."); Boston Telecomm. Group, Inc. v. Deloitte Touche Tohmatsu, 249 Fed. Appx. 534, 538 (9th Cir. 2007) (affirming the district court's finding that under the facts pled, company president was not an agent of the company and therefore there was no personal jurisdiction over company).  At the hearing on this matter, Plaintiff's counsel admitted that Plaintiff can only speculate that Folkes spoke with Tahilan as an agent of Friendly Care in their subsequent discussions.

The Court further notes that the only cause of action in tort that Plaintiff may be alleging against Friendly Care, conspiracy, is simply a bald allegation with nothing more.   For this conspiracy claim, Plaintiff alleges that "Folkes consulted and conspired with Friendly Care regarding the misrepresentations, knowing at the time said misrepresentations were false and made for the purpose of deceiving and misleading [Tahilan]."  (Compl. at 7.) A simple conclusory allegation that Friendly Care and Folkes were in a conspiracy to defraud Tahilan is not enough to establish personal jurisdiction over Friendly Care when Friendly Care has offered evidence (Folkes' declaration) indicating that the

17

loan transactions were made by Folkes only.  Plaintiff must offer some evidence to contradict Folkes' deposition in order for this Court to resolve the conflict in favor of Plaintiff, and it has not.

Plaintiff has not met its burden to demonstrate that Friendly Care has purposefully availed itself or directed its activities to this forum.  To hold jurisdiction over Friendly Care would therefore be a violation of due process of law.  See Omeluk, 52 F.3d at 270.

Plaintiff's counsel requested at the hearing that this Court dismiss the claim against Friendly Care should this Court find that jurisdiction is not proper.  Plaintiff requested that the action not be transferred to California.  Defense counsel did not object to Plaintiff's request.

Accordingly, Friendly Care's motion to dismiss is GRANTED.  The claim against Friendly Care is dismissed without prejudice.[6]

---

[6] Because this Court cannot exercise jurisdiction over Friendly Care, this Court need not rule on Friendly Care's motion for improper venue.

CONCLUSION

For the reasons stated above, the Court GRANTS Friendly Care's

Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative,

Improper Venue.  The claim against Friendly Care is dismissed without prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 2, 2009.

_____
David Alan Ezra
United States District Judge

Estate of Agnes P. Tahilan v. Friendly Care Home Health Services, Inc. et al., CV No. 09-00430 DAE-LEK; ORDER GRANTING DEFENDANT FRIENDLY CARE HOME HEALTH SERVICES, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR IMPROPER VENUE