IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THE ESTATE OF AGNES P. TAHILAN, | ) ) ) | CIVIL NO. 09-00430 DAE-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| FRIENDLY CARE HOME HEALTH SERVICES, INC., a foreign corporation, ET AL., | ) ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER AWARDING ATTORNEYS' FEES AND COSTS

This Court's December 9, 2009 Rule 16 Scheduling Order set a settlement conference in this matter for May 18, 2010.  Pro se Defendant Michael Lee Folkes ("Defendant") neither appeared at this conference nor submitted the required settlement conference statement.  On May 20, 2010, this Court issued an Order to Show Cause ("OSC"), ordering Defendant to appear at a hearing on June 23, 2010 to show cause, if any, why he should not be sanctioned for his failure to appear at the settlement conference.

Defendant appeared at the June 23, 2010 hearing, [dkt. no. 38 (minutes),] and filed a response to the OSC on the same date.  [Dkt. no. 41.]  Defendant explained that he failed to appear by telephone at the settlement conference because of cellular phone reception issues that were beyond his control.  He

stated that he would take the necessary steps to ensure that this did not happen again.  Defendant argued that sanctions were not necessary for deterrence and would be an undue financial burden.

At the hearing, this Court ruled that Defendant's failure to appear was a sanctionable matter and directed counsel for Plaintiff the Estate of Agnes P. Tahilan ("Plaintiff") to submit a declaration regarding the attorneys' fees and costs incurred for the settlement conference.  Plaintiff filed its Declaration Re: OSC Sanctions; Plaintiff's Attorney's Fees and Costs ("Declaration") on June 28, 2010.  Defendant did not submit a response.  After reviewing the Declaration, and based on this Court's familiarity with the case, the Court AWARDS Plaintiff $937.49 in attorneys' fees and $196.45 in costs, for a total award of $1,133.94.

## DISCUSSION

This Court FINDS that Plaintiff is entitled an award of its attorneys' fees and costs incurred as a result of Defendant's failure to appear at the settlement conference.  See Fed. R. Civ. P. 16(f).[1]  The Court now turns to the amount of the award.

---

[1] Rule 16(f) states, in pertinent part:
>    (1) In General.  On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>        (A) fails to appear at a scheduling or other pretrial conference;
>        . . . .

(continued...)

## I.   Calculation of Attorneys' Fee Award

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in Kerr are:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the

--------

[1](...continued)
(C) fails to obey a scheduling or other pretrial order.
(2) Imposing Fees and Costs.  Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

3

> client or the circumstances, (8) the amount
> involved and the results obtained, (9) the
> experience, reputation, and ability of the
> attorneys, (10) the "undesirability" of the case,
> (11) the nature and length of the professional
> relationship with the client, and (12) awards in
> similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been

subsumed in the lodestar calculation.  See Morales v. City of San

Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth

Circuit, extending City of Burlington v. Daque, 505 U.S. 557, 567

(1992), held that the sixth factor, whether the fee is fixed or

contingent, may not be considered in the lodestar calculation.

See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549

(9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345

(9th Cir. 1993).  Once calculated, the "lodestar" is

presumptively reasonable.  See Pennsylvania v. Delaware Valley

Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see

also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar

figure should only be adjusted in rare and exceptional cases).

Plaintiff requests the following lodestar amount for

counsel's appearance at the settlement conference:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Douglas Sameshima | 4.0 | $225 | $900.00 |
| | State Excise Tax of 4.165% | | $ 37.49 |
| | **TOTAL REQUESTED LODESTAR** | | **$937.49** |

[Declaration at ¶ 4, Exh. A at 1.]  Mr. Sameshima was admitted to

the Hawai`i bar in 1983.

**A.    Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rates charged are reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Although Plaintiff did not provide such additional evidence, based on this Court's familiarity with the standard hourly rates for attorneys with comparable experience, skill, and reputation, this Court finds that Mr. Sameshima's requested hourly rate of $225 is manifestly reasonable.

**B.    Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona

v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw.
1993) (citations omitted).  A court must guard against awarding
fees and costs which are excessive, and must determine which fees
and costs were self-imposed and avoidable.  See id. at 637
(citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404
(6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or
otherwise reduce, the number of hours claimed to have been spent
on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060
(S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed
"excessive, redundant, or otherwise unnecessary" shall not be
compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461
U.S. at 433-34).  The Court has reviewed counsel's hours and
finds them to be manifestly reasonable.

     **C.**   **Total Lodestar Award**

     Based on the foregoing, this Court FINDS that Plaintiff
has established the appropriateness of an award of attorneys'
fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Douglas Sameshima | 4.0 | $225 | $900.00 |
| State Excise Tax of 4.165% | | | $ 37.49 |
| | | **TOTAL** | **$937.49** |

The Court declines to adjust the award based on the remaining
Kerr factors.

6

## II.  <u>Costs</u>

Plaintiff also seeks $196.45 in costs associated with counsel's appearance at the settlement conference.  [Declaration at ¶ 5.]  Plaintiff's costs consist of the following: airfare to Honolulu from Kahului and back – $142.40; car rental in Honolulu – $45.05; and parking in Kahului – $9.00.  [Declaration, Exh. B at 1.]  Plaintiff submitted a receipt for each expense.  [<u>Id.</u> at 2-4.]  The Court finds that these costs were reasonably and necessarily incurred for counsel's appearance at the settlement conference.  The Court therefore FINDS that Plaintiff is entitled an award of $196.45 in costs.

<u>CONCLUSION</u>

On the basis of the foregoing, this Court AWARDS Plaintiff $937.49 in attorneys' fees and $196.45 in costs, for a total award of $1,133.94.  The Court ORDERS Defendant to pay this amount to Plaintiff's counsel by no later than **November 17, 2010**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 17, 2010.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**THE ESTATE OF AGNES P. TAHILAN V. FRIENDLY CARE HOME HEALTH SERVICES, INC., ET AL; CIVIL NO. 09-00430 DAE-LEK; ORDER AWARDING ATTORNEYS' FEES AND COSTS**